### COMMONWEALTH *vs.* WILLIAM E. P. SMYTH.

The refusal of a city to fulfil an agreement which it has made with the owner of land bounding on a street, to set back the fence and grade the land, in consideration of a release of all damages for a widening of the street, is no defence to an indictment of the agent of such owner for a nuisance in replacing the fence in its former position so as to obstruct the street; although the owner was an infant and a married woman at the time of making the release.

INDICTMENT for a nuisance by obstructing a street in Worcester by building a fence thereon.

At the trial in the court of common pleas the following facts were proved or admitted: In 1854, Helen F. Haskins, being the owner of a lot of land bounding on said street, was married to Warren Bradlee, having previously, together with him made and recorded an agreement, pursuant to *St.* 1845, *c.* 208 that she should hold this land to her separate use and benefit. In 1855, other abutters on said street petitioned the city government of Worcester to accept it as a public street; and procured Mrs. Bradlee and her husband to sign a release of any claim to damages for the taking of a certain amount of her land by the

city to widen said street, in consideration that the city should set back her fence upon the line of the street as widened, and grade her land inside of the fence, without expense to her. Upon this petition the city government, in July 1855, after due notice and other proceedings, accepted the street; and in their record of location stated that in their opinion no abutters had sustained any damages. And the city refused to set back Mrs. Bradlee's fence or grade the land, or cause the same to be done, or pay for the same, in whole or in part, according to the terms of the agreement with her. In February 1856 Mrs. Bradlee and her husband protested against the action of the city in taking the land, because they had not complied with the agreement, and because she was a minor when the agreement was made, and had no power to act in the premises. Upon her subsequently coming of age, the defendant, as her attorney, took possession of the land so taken by the city, and moved the fence upon the original line of the street, and within the street as now laid out.

*Sanger*, J. ruled " that these facts, if believed by the jury, would be sufficient to sustain the indictment, and did not constitute a defence to the indictment." The defendant, being found guilty, alleged exceptions.

*W. E. P. Smyth, pro se.*

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

SHAW, C. J. The proprietors for whom the defendant acted if they have any remedy for the land taken for a public way, by virtue of any agreement, have wholly mistaken their remedy The way was duly laid out by competent authority, and became a public way. The fact that the owner was a female, under age, or under coverture, did not prevent the competent authori ties from appropriating it to the public use. They did not derive that authority from any supposed or actual contract with the owner; nor could she, upon any alleged failure in the performance of any alleged contract, have power to annul the act of taking, and resume possession of the land thus appropriated to public use. Fencing in part the street, therefore, by her command and in her right, could not be justified by the defendant, and was a public nuisance. *Exceptions overruled*